**Irvin v. West Penn Power Co.**

James B. Cole, for plaintiff.
Avrum Levicoff, for defendant.

GRINE, *J.,* November 9, 2007—Presently before the court are preliminary objections in the form of a demurrer brought by the defendant West Penn Power Company t/d/b/a Allegheny Power. Phyllis K. Heverly Heeman Irvin, executrix of the estate of Wendy Tanner and Keith Tanner, plaintiffs, brought a wrongful death and bodily injury suit against defendant. Plaintiffs claim that defendant's responsibility for their injuries stem from defendant shutting off plaintiffs' power without proper notice. A hearing was held on November 2, 2007. After reviewing the parties' briefs and hearing arguments on the matter the court denies defendant's preliminary objections.

## DISCUSSION

Defendant in this case was the power company who supplied electricity to plaintiffs. Plaintiffs did not pay their electric bill. Defendant shut off plaintiffs' power. Plaintiffs chose to use a gas generator to provide power to their house. The gas generator emitted carbon mon-

oxide and caused the death of Wendy Tanner and caused bodily injury to Keith Tanner.

Defendant claims that the action should be dismissed because there is no actionable legal cause, there is no duty owed to plaintiffs by defendant, and that even if defendant did not follow the regulatory notice requirements, there is no civil cause of action related to that improper notice.

The court may only grant a demurrer where there is no potential for recovery. *Small v. Horn,* 554 Pa. 600, 722 A.2d 664 (1998). The court is not convinced that there is no possibility of recovery in this case. There are several complex legal arguments which need to be fully developed in this case involving legal cause and duty. While the court is by no means prepared to say that it believes that defendant's actions were the legal cause of plaintiffs' injuries or that defendant owed a duty to plaintiffs, it cannot rule out that possibility at this time.

"[When] a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Bilt-Rite Contractors Inc. v. The Architectural Studio,* 581 Pa. 454, 461, 866 A.2d 270, 274 (2005), quoting *MacElree v. Philadelphia Newspaper Inc.,* 544 Pa. 117, 124, 674 A.2d 1050, 1056 (1996). This court currently believes that plaintiffs may have a cause of action, and therefore, must deny the preliminary objections brought forth by defendant.

## ORDER

And now, November 9, 2007, after reviewing the parties' briefs and hearing arguments on the matter the court denies defendant's preliminary objections.